IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TENNESSEE WHOLESALE NURSERY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:12-cv-00937 |
| | ) | Judge Nixon |
| v. | ) | Magistrate Judge Griffin |
| | ) | |
| WILSON TRUCKING CORPORATION, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff Tennessee Wholesale Nursery's Motion to Remand ("Motion"), in which Plaintiff requests the Court remand this action to state court. (Doc. No. 13.) Defendant Wilson Trucking Corporation has filed a Response in Opposition ("Response"). (Doc. No. 16.) For the reasons stated below, Plaintiff's Motion is **DENIED**.

### I. BACKGROUND

*A. Factual Background*

Plaintiff, a wholesale tree nursery operating in Grundy County, Tennessee (Doc. No. 13 ¶ 1), alleges that on three separate occasions, it contracted with Defendant, a federally licensed motor carrier with its principal place of business in Fishersville, Virginia (Doc. No. 16 at 1), to have various roots and trees delivered to Plaintiff's out-of-state buyers (Doc. No. 1-1 ¶¶ 4–19). Plaintiff claims that it compensated Defendant for each delivery at the time Defendant picked up the goods to be delivered, but that Defendant "failed to timely transport" each shipment, resulting in additional shipping costs and potential losses of future business for Plaintiff. (*Id.* ¶¶ 4–21.)

*B. Procedural Background*

1

Plaintiff filed a Complaint in the General Sessions Civil Court for Wilson County, Tennessee, seeking damages for Defendant's alleged failure to timely transport goods under its contracts with Plaintiff. (*Id.*) On September 12, 2012, Defendant filed a Notice of Removal (Doc. No. 1), asserting that this Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331; 1337, because the claims "arise[] out of issues of interstate commerce under the laws or treaties of the United States with an amount in dispute exceeding $10,000" (*Id.* ¶ 5). On September 19, 2012, Defendant filed a Motion to Dismiss (Doc. No. 5), along with a Memorandum in Support (Doc. No. 6). That same day, Defendant also filed an Answer to the Complaint, which included three counterclaims alleging breach of contract, unjust enrichment, and quantum meruit, as well as "charges and penalties" based on Defendant's tariffs. (Doc. No. 7.)

On November 13, 2012, Plaintiff filed the present Motion requesting the Court remand the action to state court pursuant to 28 U.S.C. § 1447(c) (Doc. No. 13 at 3), and asserting that Plaintiff's claims, at least in part, are based on state contract law (*Id.* ¶¶ 4–5). Defendant filed a Response in Opposition on November 27, 2012, asserting that Plaintiff's claims are governed by the federal Carmack Amendment, 49 U.S.C. § 14706, and that removal was proper under § 1441(a) because this Court has original jurisdiction over the federal claim. (Doc. No. 16 at 2–4.) In addition to remand, Plaintiff seeks all costs and attorney's fees incurred in bringing its Motion. (Doc. No. 13 at 3.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a party may remove an action to federal district court if the district court has original jurisdiction over the matter. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that

federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The rule generally states that "the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). The doctrine of complete preemption, however, provides an exception to the rule, where "the pre-emptive force of [federal] statute is so 'extraordinary'" that a state common-law cause of action becomes a federal claim. *Caterpillar Inc.*, 482 U.S. at 393 (citations omitted).

### III. ANALYSIS

In its Motion, Plaintiff asserts that its claims are premised upon "basic" contract law and do not present a federal question. (Doc. No. 13 ¶ 4.) In support of this assertion, Plaintiff argues that the Carmack Amendment is not implicated here because it does not apply to purely intrastate shipments. (*Id.* ¶ 7.) Plaintiff argues that Defendant never intended to transport the goods across state lines, even though the contracts required Defendants to take the goods to other states. (*Id.* ¶ 7.) In the alternative, Plaintiff argues that, even if the action does involve some federal claims, the parties should be able to proceed in state court on the claims that are "purely" based on state law. (*Id.* ¶ 5.) Plaintiff also argues that judicial economy counsels against litigating this case in federal court because the amount in dispute is less than $25,000.00. (*Id.* ¶ 9.)

In response, Defendant first asserts that it did transport two shipments out of state, contrary to Plaintiff's allegation that Defendant refused to do so: the December 30, 2011, shipment which it delivered to the Autumn Daze Nursery in Gales Creek, Oregon; and the April 4, 2012, shipment which it transported to Georgia before Defendant discovered the goods were

3

damaged. (Doc. 16 at 1–2.)[1] Defendant argues that based on the fact that the case arises out of issues of interstate commerce, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331; 1337; 1445(b); and the Carmack Amendment, 49 U.S.C. § 14706, making removal proper under 28 U.S.C. § 1441(a). (*Id.* at 4.)

Defendant asserts that Plaintiff does not "plead a specific cause of action . . . exclusively under Tennessee state law" in its Complaint, and argues that the Complaint alleges facts and actions governed by the Carmack Amendment, which Defendant argues pertain to "claims against a motor carrier for cargo shipments transported in interstate commerce." (*Id.*) Defendant thus argues that it is reasonable for Defendant, and this Court, to interpret Plaintiff's Complaint as pleading a federal claim under the Carmack Amendment. (*Id* at 6.) Defendant further argues that, even if Plaintiff's Complaint contains a well-pleaded state law claim, it can be "recharacterized" as a federal claim if it is completely preempted by federal law, and Plaintiff may not avoid removal through "artful pleading," that is, omitting necessary federal questions in its claims.[2] (*Id.* at 6.) Defendant argues that the Carmack Amendment completely preempts any claims involving the interstate shipment of goods, and that, for the purpose of determining removal jurisdiction, Plaintiff's state law claims should be re-characterized as federal claims, making removal appropriate under 28 U.S.C. § 1441(a). (*Id.* at 6–8.) Finally, Defendant

---

[1] In other briefing, Defendant argues it has no record of ever receiving from Plaintiff one of three shipments alleged in Plaintiff's Complaint. (Doc. No. 6 at 1.) Thus, in its Response to the Motion, Defendant addresses only two shipments. (Doc. No. 16.)
[2] Though there may be a distinction in theory between the "artful pleading" doctrine and the "complete preemption" doctrine, the Sixth Circuit has recognized that the two are "closely aligned." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 561 (6th Cir. 2007). Several Carmack Amendment cases fail to mention the "artful pleading" doctrine and focus only on preemption. *See, e.g., Am. Synthetic Rubber Corp. v. Louisville & Nashville R.R. Co.*, 422 F.2d 462 (6th Cir. 1970); *W.D. Lawson & Co. v. Penn. Cent. Co.*, 456 F.2d 419 (6th Cir. 1972). The ultimate question is whether the state law claims are preempted, and that is the focus of this Court's analysis.

reiterates that, not only did it have the intent to ship the goods outside of Tennessee, but it did so in fact. (*Id.* at 8–9).

The Carmack Amendment "provide[s] the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Solectron USA, Inc. ex rel. Fid. & Deposit Co. of Md. v. Fedex Ground Package Sys., Inc.*, 520 F. Supp. 2d 904, 909 (W.D. Tenn. 2007). Congress intended that the Carmack Amendment establish a national, uniform liability scheme for interstate carriers, and the Sixth Circuit has continued to adhere to the Supreme Court's holding that the Act "supersedes all state laws" on the subject. *W.D. Lawson & Co.*, 456 F.2d at 421–22 (citing *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913)).

"The Sixth Circuit . . . has followed *Adams Express* by holding the Carmack Amendment preempts all state law claims." *Carr v. Olympian Moving & Storage*, No. 1:06 CV 00679, 2006 WL 2294873, at *2 (N.D. Ohio June 6, 2006) (citing *W.D. Lawson & Co.*, 456 F.2d at 421). Therefore, when the Carmack Amendment applies, "[it] converts a state common-law claim into a federal question claim, allowing removal to federal court under 28 U.S.C. § 1441(b)." *Koolaire, LLC v. Cardinal Transp., Inc.*, No. 1:10-CV-00501, 2010 WL 2541812, at *3 (N.D. Ohio May 25, 2010).

Here, from the repeated references to the contracts between the parties in the Complaint, it appears that Plaintiff's claims are based on a breach-of-contract theory, though Plaintiff uses the phrase "breach of contract" only once and does not specifically premise its request for damages on the alleged breach. (Doc. No. 1-1 ¶¶ 4–9, 11–21.) Although Plaintiff argues that its claims are based on state contract law (Doc. No. 13 ¶ 4), the facts and actions described in the Complaint make clear that this is a case about Defendant's alleged breaches of contracts to ship

5

goods *in interstate travel*. (Doc. No. 1-1 ¶¶4–21.) Thus, the Court finds the claims are governed by the Carmack Amendment and are preempted.

Plaintiff argues that the Carmack Amendment should not apply because it provides a cause of action relating only to interstate shipments, and Plaintiff asserts that the trees and roots were never shipped out of state. (Doc. No. 13 ¶¶ 6–7.) Although Defendant disputes this assertion entirely and argues that it did transport the two shipments out of state (Doc. 16 at 1–2), federal jurisdiction under the Carmack Amendment exists here whether or not the products crossed state lines. "In determining whether a particular shipment involves interstate commerce, 'the intention existing at the time the movement starts governs and fixes the character of the shipment . . . .'" *Solectron*, 520 F. Supp. 2d at 909 (citations omitted). The inquiry focuses on the intentions of the parties, and not the final physical location of the goods. *Id.* Here, the parties clearly intended for the shipments to leave the state, as evidenced by the contracts they entered into in order to accomplish that very purpose. Even if Defendant did not ultimately deliver the goods out of state, the contracts reflect that it intended to do so at the time of contract formation. Plaintiff's assertion to the contrary is unpersuasive.

In addition, the Court finds the fact that Plaintiff seeks damages for Defendant's alleged failure to timely deliver the goods (as opposed to damages for actual loss of, or damage to, the goods themselves) does not affect whether the claims are preempted by the Carmack Amendment. The Carmack Amendment uniformly preempts contract claims, even those that do not involve the loss or damage of property, including claims of delay in delivery or failure to deliver goods at all. *See Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007) (citing *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306–07 (5th Cir. 1993)); *Am. Synthetic Rubber Corp.*, 422 F.2d at 466 ("[W]hen damages are sought against a common carrier for failure to

properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs.").

Finally, Plaintiff's assertion that removal to federal court will postpone the resolution of the case for at least one year is irrelevant. Because Plaintiff's claims are completely preempted by the Carmack Amendment, this Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331; 1337(a); 1445(b); and the Carmack Amendment, and Defendant's removal of the action under 28 U.S.C. 1441(a) was proper.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is **DENIED**.

It is so ORDERED.

Entered this the _26_ day of June, 2013.

                                              JOHN T. NIXON, SENIOR JUDGE
                                              UNITED STATES DISTRICT COURT