IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE WHOLESALE NURSERY, ) | |
| ) | |
| Plaintiff, ) | No. 3:12-cv-00937 |
| ) | Judge Nixon |
| v. ) | Magistrate Judge Griffin |
| ) | |
| WILSON TRUCKING CORP., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Defendant Wilson Trucking Corporation's Motion to Dismiss ("Motion"). (Doc. No. 5.) For the reasons below, Defendant's Motion is **DENIED**.

I. BACKGROUND

A. *Factual Background*[1]

Plaintiff Tennessee Wholesale Nursery operates as a wholesale plant nursery, selling trees, shrubs, roots, and other plants to locations across the country. Defendant Wilson Trucking Corporation is a motor carrier engaged in the transportation of cargo. (Doc. No. 1.) On three separate occasions, Plaintiff contracted with Defendant to have plants from its nursery shipped to out-of-state clients.[2] On November 15, 2011, Plaintiff entered into a contract with Defendant to transport 2000 Duck Potato plants to Hatchee Coon Hunting and Fishing Club, at a total cost of $2,215.11 in shipping. After Plaintiff sent the plants to Defendant, Defendant failed to timely transport said plants. As a result of Defendant's failure, Plaintiff hired Conway Trucking to ship

---

[1] All facts are drawn from Plaintiff's Complaint (Doc. No. 1-1), unless otherwise noted.

[2] While Plaintiff's Complaint fails to provide the location of two of the three deliveries at issue in this case, the Court assumes all deliveries involved interstate commerce as Plaintiff did not dispute the interstate character of the transactions in its previous Motion to Remand (Doc. No. 13) and Defendant has not disputed such in the Motion.

1

the Duck Potato plants. On or about December 30, 2011, Plaintiff again contracted with Defendant to transport 500 American Holly bare roots and 501 Red Cherokee Chief Dogwoods to Autumn Daze Nursery in Gales Creek, Oregon, at a total cost of $2,177.21. Defendant failed to ship said plants, requiring Plaintiff to use Federal Express to ship the American Holly bare roots and Red Cherokee Chief Dogwoods to Autumn Daze. On or about April 4, 2012, Plaintiff contracted with Defendant to deliver 1000 Autumn Blaze Maple and Cleveland Pear trees at a total cost of $3,380.10. Defendant failed to timely transport the aforementioned trees, requiring Plaintiff to again use Federal Express to ship the trees to its clients. For each contracted delivery, Plaintiff fully compensated Defendant under the terms of the contract.

Plaintiff has brought claims alleging breach of contract for Defendant's failure to timely transport each of the aforementioned deliveries. The Court previously found all of Plaintiff's state law claims were preempted by the Carmack Amendment to the Interstate Commerce Act. (Doc. No. 31 at 7.) Defendant moves to dismiss all of Plaintiff's causes of action with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. No. 5 at 1.)

B. *Procedural Background*

Plaintiff filed a Complaint in the General Sessions Civil Court for Wilson County, Tennessee, seeking damages for Defendant's alleged failure to timely transport goods under its contracts with Plaintiff. (Doc. No. 1-1.) On September 12, 2012, Defendant filed a Notice of Removal with this Court. (Doc. No. 1.) On November 13, 2012, Plaintiff filed a Motion to Remand (Doc. No. 13), which the Court subsequently denied, finding Plaintiff's state law claims were completely preempted by federal law. (Doc. No. 31 at 7).

On September 19, 2012, Defendant filed a Motion to Dismiss (Doc. No. 5), along with a Memorandum in Support (Doc. No. 6). That same day, Defendant also filed an Answer to the

Complaint, which included three counterclaims alleging breach of contract, unjust enrichment, and quantum meruit, as well as "charges and penalties" based on Defendant's tariffs. (Doc. No. 7.) Plaintiff has filed neither a response to the Motion to Dismiss nor an answer to Defendant's Counter-Complaint to date. On June 25, 2013, Defendant also filed a Motion for Summary Judgment (Doc. No. 26), to which Plaintiff has similarly failed to file a response.

## II. LEGAL STANDARD

To withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must allege "[e]nough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "[m]ore than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'[m]erely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 546).

When ruling on a defendant's motion to dismiss, the Court must "[c]onstrue the complaint liberally in the Plaintiffs' favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The Court must allow "[a] well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556.

## III. ANALYSIS

Defendant argues that, because Plaintiff alleges a cause of action exclusively under state law and such cause of action is completely preempted by the relevant provisions of the Interstate

3

Commerce Act, 49 U.S.C. § 13101, et. seq. (2012), the Complaint fails to state a claim for which relief can be granted and affords no basis for recovery. (Doc. No. 6 at 1–2.) Specifically, Defendant asserts that the Carmack Amendment, 49 U.S.C. § 14706 (2012), governs the claims presented in this case, and Plaintiff has failed to plead a claim under the Amendment. (Doc. No. 6 at 5.)

The Carmack Amendment permits actions against delivery carriers for loss or damage to property being delivered. 49 U.S.C. § 14706(a)(1), (b) (2012). The Amendment provides that civil actions may be brought against the delivering carrier or "the carrier alleged to have caused . . . loss or damage" to a shipment in interstate commerce. *Id.* § 14706(d)(1)–(2). Claims for delays in delivery of property in violation of contract—even without allegations of loss or damage to the property—are also cognizable under the Amendment. *Am. Synthetic Rubber Corp. v. Louisville & Nashville R.R. Co.*, 422 F.2d 462, 465–66 (6th Cir. 1970) (explaining the "broad sweep" of the Carmack Amendment imposes liability on carriers for "what is delivered as well as when it is delivered," including delay in delivery and misdelivery); *see also Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007) ("[T]he Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property.").

Federal courts will only examine the "well-pleaded allegations of the complaint" and will ignore any potential defenses, including preemption, to determine whether federal claims have been raised. *Valinski v. Detroit Edison*, 197 F. App'x 403, 406 (6th Cir. 2006) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987)). Where a plaintiff's allegations raise only state law claims, the plaintiff's complaint will usually be found to lack a well-pleaded federal claim. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007); *see also*

4

*Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005) ("[I]f the plaintiff chooses to bring a state law claim, that claim cannot generally be 'recharacterized' as a federal claim." (citing *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003))). However, "[t]here are exceptions to the well-pleaded complaint rule." *Mikulski*, 501 F.3d at 560 (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). One such exception is the "complete-preemption doctrine," which applies "where 'Congress has so completely preempted a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Valinski*, 197 F. App'x at 406 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)). In such cases, "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Roddy*, 395 F.3d at 323 (quoting *Caterpillar*, 482 U.S. at 393 (internal quotation marks omitted)).

While the Sixth Circuit has not directly addressed the issue of whether the complete-preemption doctrine is applicable to the Carmack Amendment, the Sixth Circuit has previously explained that the Carmack Amendment "supersedes all state laws" concerning carrier liability for interstate shipping. *W. D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 421–22 (1972) (citing *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913)). Other districts within this Circuit have found the Carmack Amendment to completely preempt state law claims. *See, e.g., Solectron USA, Inc., ex. rel. Fid. & Deposit Co. of Md. v. FedEx Ground Package Sys., Inc.*, 520 F. Supp. 2d 904, 908 (W.D. Tenn. 2007) ("Thus, the Carmack Amendment, when it applies, converts a state common-law claim into a federal question claim, allowing removal to federal court under 28 U.S.C. 1441(b)."); *Koolaire, LLC v. Cardinal Transp., Inc.*, No. 1:10-CV-00501, 2010 WL 2541812, at *3 (N.D. Ohio May 25, 2010). Further, the only two Circuits to directly

confront the issue—the Fifth Circuit and the Ninth Circuit—have held the complete-preemption doctrine applies to the Carmack Amendment. *See Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (holding that "the complete pre-emption doctrine applies" to the Carmack Amendment); *Hall*, 476 F.3d at 688 (holding the Carmack Amendment completely preempts state law contract claims in interstate shipping). Based on these cases, the Court reaffirms its finding[3] that the complete preemption doctrine applies to the Carmack Amendment.

The Complaint alleges that Plaintiff had a contract with Defendant for delivery of property, and that Defendant failed to timely deliver that property, causing damage. (Doc. No. 1-1 at ¶¶ 4–21.) The Complaint itself makes no reference to whether Plaintiff's claims arise under state or federal laws; however, Plaintiff has made clear, specifically in its Motion to Remand, that it intended to proceed under "basic" state contract law. (Doc. No. 13 at ¶ 4). Normally, Plaintiff's reliance on state law claims and failure to properly plead a federal claim would end the Court's consideration of the claims. However, Plaintiff's claims here may be "recharacterized" as federal claims under the complete preemption doctrine. As previously explained in its Order denying remand, the Court finds Plaintiff's claims of untimely and failed delivery of cargo in interstate commerce fall squarely under the provisions of the Carmack Amendment. (Doc. No. 31 at 5–7.) In addition, Defendant previously argued, in its Response in Opposition to Plaintiff's Motion to Remand, that the Complaint alleges facts and actions governed by the Carmack Amendment (49 U.S.C. § 14706), which Defendant stated pertains to all "claims against a motor carrier for cargo shipments transported in interstate commerce." (Doc. No. 16 at 4.) Defendant thus argued *itself* that it would be reasonable for the Court "to

---

[3] The Court previously found Plaintiff's claims to be completely preempted in its Order denying Plaintiff's Motion to Remand. (Doc. No. 31.)

interpret and construe [Plaintiff's] complaint as pleading a federal claim pursuant to the Carmack Amendment." (*Id* at 6) (quoting *Totherow v. Cent. Transp. Int'l, Inc.*, No. 1:05-cv-126, 2005 WL 4755219, at *1 (E.D. Tenn. Oct. 3, 2005).

Accordingly, the Court finds that the preemption of Plaintiff's state claims does not require a dismissal of the action. The Court interprets the Complaint as pleading a federal claim under the complete preemption doctrine.

IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion to Dismiss.

It is so ORDERED.

Entered this the 17th day of September, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

7